IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM CHAPPELLE,

                Plaintiff,

v.                                     CIVIL  ACTION  NO.  3:05-0486

HUNTINGTON ALLOYS CORPORATION,
a Delaware Corporation, STEVE BORTEL and
GEORGE L. ZALDIVAR, M.D., LTD,
a West Virginia Corporation,

                Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff William Chappelle's motion to remand this case

back to the Circuit Court of Cabell County, West Virginia.[1]  Upon consideration of the arguments

by the parties, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case back to the Circuit

Court of Cabell County.


This case was filed in State court on May 20, 2004.  In the original complaint,

Plaintiff asserts four counts: (1) Workers' Compensation Discrimination; (2) Disability

Discrimination under the West Virginia Human Rights Act; (3) Racial Discrimination under the

West Virginia Human Rights Act; and (4) Tortious Interference by George L. Zaldivar, M.D., with

---

[1]Plaintiff actually entitled his motion as a "Response in Opposition to Defendants' Notice
of Removal."  By Order dated July 1, 2005, the Court stated it was treating Plaintiff's "Response"
as a motion to remand.

Plaintiff's Employment Relationship.  On April 14, 2005, the court granted Plaintiff's motion to amend his complaint to state a claim of defamation against Dr. Zaldivar.

On May 31, 2005, Plaintiff was deposed by counsel for Defendants.   At the deposition, Plaintiff and defense counsel engaged in the following exchange:

> Q.  Is it your understanding that being told by DOL to put you back to work with restrictions as appropriate, by the DOL and Marsha Collins, that angered Huntington Alloys and Mr. Bortel?
>
> A.  Yes.
>
> Q.  And is it you understanding that they took acts against you in retaliation for seeking family medical leave protection through DOL?
>
> A.  Yes.
>
> Q.  Is it your position in this lawsuit that the acts of which you complain are in fact motivated by that retaliatory motive?
>
> A.  Yes.
>
> Q.  So your discharge was motivated by a desire to retaliate against you for pursuing your family medical leave, right?
>
> A.  I think the discharge is in part based on what I think is – I think it went beyond that also, I think.  My personal opinion is that they were going to get rid of me anyway, at all cost.
>
> Q.  Okay.  And I want to make sure, though, that I understand – I want to make sure I understand – I am going to stick with family medical leave for instance. Because I know you said in part and we will look at the Complaint and talk about some of the other stuff – but in terms of what you are seeking to recover for

here is retaliation for your complaint.  Retaliation against you for seeking family medical leave protection, is that right?

A.  If you could go again, please.

Q.   Part of what you are seeking to recover in this case, is the retaliation against you for seeking family medical leave, correct?

A.  Right.

*Deposition of William Chappelle*, at 450-52.  Defendants assert that this discussion was the first time they learned, or were able to ascertain, that Plaintiff was seeking damages based upon the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, ("FMLA").  Therefore, Defendants argue that they timely and properly removed this case to federal court fourteen days later based upon a federal question pursuant to 28 U.S.C. §§ 1331,[2] 1441,[3] and 1446.[4]

---

[2]Section 1331 provides: "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[3]Section 1441(b) and (c) provide:

> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

> (c)  Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and

(continued...)

Plaintiff argues, however, that he has no cause of action under FMLA in either his original Complaint or his Amended Complaint.  In fact, Plaintiff states that he has no plans to make such a claim, regardless of his deposition testimony.  Defendants respond by insisting that, although Plaintiff has not "formally" made such a claim, he testified that he is seeking damages under FMLA and he is merely attempting to manipulate the forum by his pleadings.  Upon review, the Court does not find such rogue intentions.  Instead, it seems likely that, although Plaintiff believes his firing was based, in part, upon his use of family medical leave, Plaintiff did not understand that his counsel did not make such a claim in his Complaint or his Amended Complaint.[5]   Thus, irrespective of his testimony, no such claim under FMLA exists in his Amended Complaint and it is impossible for him

---

[3](...continued)
> the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(b) and (c).

[4]Section 1446(b) states, in part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b), in part.

[5]The Court notes that Plaintiff testified that he believed his firing was based upon more than just his use of family medical leave, and he believed "that they were going to get rid of . . . [him] anyway, at all cost." *Deposition of William Chappelle*, at 451.

-4-

to receive damages for this non-existent claim.  Nevertheless, Defendants further contend that if the case is remanded there is nothing to prevent Plaintiff from filing a motion on the eve of trial to file another Amended Complaint to include a claim under FMLA.  However, if this situation would occur, Defendants will have a forceful argument before the circuit court that the motion should be denied given Plaintiff's position here today that he is not stating a claim under FMLA nor does he plan to state a such a claim in the future.

Accordingly, as there currently is no federal claim in the Amended Complaint and Plaintiff verifies to this Court that he has no intention of stating a claim under FMLA, the Court finds it does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 and removal was improper.  Therefore, the Court **GRANTS** Plaintiff's motion and **REMANDS** this action to the Circuit Court of Cabell County.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        September 6, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE